IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James A. ROWLEY, Attorney at Law.

Supreme Court

*No. 82–2029–D. Filed February 15, 1983.*
(Also reported in 329 N.W.2d 923.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On November 4, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that James A. Rowley, who was admitted to practice in Wisconsin in 1963, and who practices in Green Lake,

violated SCR 22.07(2) by failing to respond to Board inquiries concerning grievances that had been filed against him. The complaint alleged that the Board had been contacted by a person acting on behalf of a realty firm who alleged that Rowley had neglected a legal matter which he had been retained by the firm to pursue. The Board forwarded a copy of the grievance to the respondent and asked him for a written response within 20 days. When no response was received, a second letter was sent, to which the respondent responded. The respondent did not reply to a further request for information from the Board, nor did he respond to a second letter seeking that information. After the matter had been referred to the local professional responsibility committee for further investigation, a member of that committee sent the respondent a certified letter requesting information about the grievance. The respondent failed to claim the letter, and the committee member had the letter served on the respondent by the sheriff. Thereafter, the respondent appeared in the committee member's office for a conference on the grievance.

The complaint also alleged that the Board received a copy of an order of the court of appeals dismissing an appeal in which the respondent represented the appellant. The appeal was dismissed for the appellant's failure to file a brief or obtain an extension of time to do so. The Board wrote to the respondent requesting a written response within 20 days, but there was no reply. The Board wrote again, by certified mail, but the respondent failed to claim the letter. At the subsequent investigative meeting of the local professional responsibility committee the respondent stated that he was aware of the notice but that he failed to claim the letter.

We referred the matter to the Hon. Franklin W. Clarke as referee, pursuant to SCR 21.09(4). The respondent filed an answer in which he admitted the facts alleged in the complaint but offered in mitigation that he believed the grievance in the first matter was made to put pres-

sure on him to act. As to the second matter, the respondent alleged that he had personally paid the filing fee in the appeal, that he could not afford to underwrite further proceedings and that the record did not indicate a likelihood of success on appeal. He contended that he intentionally permitted the appeal to be dismissed.

Counsel for the Board and the respondent's attorney stipulated by letter that the facts alleged in the complaint were true and that the respondent should be publicly reprimanded for his conduct in the matters. The referee filed his report with the court on January 12, 1983, in which he made findings of fact consistent with the allegations of the complaint and concluded that the respondent's failure to respond to the Board's repeated attempts to elicit his response to the grievances filed against him constituted failure to cooperate with the Board, in violation of SCR 22.07(2). The referee recommended that the court impose a public reprimand on the respondent and require him to pay the costs of the proceeding.

We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that James A. Rowley is publicly reprimanded for his unprofessional conduct.

It is further ordered that James A. Rowley pay to the Board of Attorneys Professional Responsibility within 60 days of the date of this order the costs of this disciplinary proceeding in the amount of $913.06, provided that if the costs are not paid within the time specified, the license of James A. Rowley to practice law in Wisconsin shall be forthwith suspended.